Per Curiam.

It cannot be inferred from any facts disclosed, that Leland is in any way indebted to Strong so as to malee him liable as Ms trustee. The payments to Kim-ball were made in pursuance of an original understanding, which appears to have been fair and legal. In regard to the note which remained last in the hands of Leland, as it was not paid when the summons was .served,. he cannot be chargeable with it, as it was the note of a third person, which, if held by him in trust, cannot, according to cases decided, make him liable.[1] Neither could the deed of the real estate render him liable, that being held by him as security for the same undertaking. If in giving the obligation to convey the land in trust for the wife and children of Strong there is any thing fraudulent as against creditors, the question must be settled in an action for the land.

Trustees discharged.

 See Maine F. & M. Ins. Co. v. Weeks, 7 Mass. R. 438; Rundlet v. Jordan, 3 Greenl. 47; Perry v. Coates, 9 Mass. R. 537; Lupton v. Cutter, 8 Pick. 298 Gore v. Clisby, 8 Pick. 555; Andrews v. Ludlow, 5 Pick 28.